# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|                              |   |                      |
|------------------------------|---|----------------------|
| **UNITED STATES OF AMERICA,** | ) |                      |
|                              | ) |                      |
| Plaintiff,                   | ) |                      |
|                              | ) |                      |
| v.                           | ) | No. 07–2377-JPM-tmp  |
|                              | ) |                      |
| **VIC A. ADAIR,**            | ) |                      |
|                              | ) |                      |
| Defendant.                   | ) |                      |

## REPORT AND RECOMMENDATION

Before the court, by order of reference (ECF No. 20), is *pro se* defendant Vic A. Adair's Declaration for Claim of Exemption (ECF No. 18), filed on November 21, 2016, pursuant to which Adair requested a hearing to decide the validity of his claims of exemption from garnishment. The United States of America responded in opposition on December 2, 2016. (ECF No. 19.) The court held a hearing on December 15, 2016. (ECF No. 22.) On January 5, 2017, the court entered a Preliminary Order Permitting Parties to File Supplemental Briefs. (ECF No. 24.) In response, the United States filed a Supplemental Brief on January 20, 2017. (ECF No. 25.) For the reasons set forth

below, it is recommended that Adair's claims of exemption be denied.[1]

## I. PROPOSED FINDINGS OF FACT

On March 6, 2008, the United States obtained a default judgment in its action to collect delinquent student loan debt from Adair in the amount of $13,599.72, plus accruing interest and filing fees. (ECF No. 10.) According to the United States, as of November 4, 2016, the balance due was $14,254.98. (See ECF No. 14 at 1 (application for writ of garnishment).) As a means of collection, the United States applied to the court for a writ of garnishment and, on November 4, 2016, the court entered a Writ of Garnishment to garnishee Coca-Cola Refreshments, USA, Inc. ("Coca-Cola").[2] (ECF No. 16.) Coca-Cola answered on November 18, 2016, and indicated that Adair has biweekly disposable earnings of $953.89 (specifically based on the pay period from October 22, 2016 to November 4, 2016). (ECF

---

[1]"Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge who is referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)." Helfman v. GE Grp. Life Assurance Co., No. 06-CV-13528, 2011 WL 1457740, at *1 n.1 (E.D. Mich. Mar. 15, 2011) (citing United States v. Tyson, 265 F. Supp. 2d 788, 789 (E.D. Mich. 2003)), report and recommendation adopted, No. 06-13528, 2011 WL 1457742 (E.D. Mich. Apr. 15, 2011).

[2]For purposes of clarification, the writ was entered by the Deputy Clerk (acting on behalf of the United States District Court Clerk for the Western District of Tennessee), who endorsed the application, writ, and accompanying documentation, as prepared by the United States.

No. 17.) Coca-Cola also indicated that, as to payments owing to the judgment-debtor in the future, "amounts will vary." (ECF No. 17 at 2.)

On November 21, 2016, Adair filed a document claiming Tennessee state law exemptions under T.C.A. §§ 26-2-106, 107, and 108, and he exercised his right to request a hearing pursuant to 28 U.S.C. § 3202(d) to determine the validity of his claims. (ECF No. 16.) The undersigned magistrate judge held a hearing on December 15, 2016. Assistant United States Attorney Barbara M. Zoccola was present at the hearing, on behalf of the United States, as was Adair, who represented himself *pro se*.

At the hearing, the United States reiterated the arguments made in its brief. According to the United States, T.C.A § 26-2-106 tracks the federal statute governing maximum garnishment amounts, 15 U.S.C. § 1673 (codifying the section of the Consumer Credit Protection Act ("CCPA") setting limitations on garnishment amounts) and, thus, under both Tennessee and federal law, "a wage garnishment cannot exceed 25% of the disposable income or the amount by which disposable earnings do not exceed 30 times federal minimum hourly wage which is currently $7.25 per hour." (ECF No. 19 at 2.) Pursuant to the applicable statutes, the United States calculates that, as to biweekly payments, disposable earnings of $580 or more are subject to the maximum 25% garnishment. Adair's biweekly disposable earnings,

as provided by Coca-Cola, are in excess of $580. Thus, pursuant to the Instructions to the Garnishee as attached to the Writ of Garnishment, Coca-Cola must withhold the maximum of 25% of disposable earnings each pay period. (See ECF No. 16 at 15-16.)

Additionally, the United States entered into evidence, as Exhibit 2, a financial statement completed and signed by Adair. The financial statement indicates that Adair has no dependents, no child support obligations, and no alimony obligations. (See ECF No. 19-1.) Adair agreed on the record that these facts are true. According to the United States, these facts demonstrate that Adair's claims, to the extent he intended to assert them, under T.C.A § 26-2-107 (regarding dependent children) and T.C.A. § 26-2-108 (regarding support payments) are not applicable.[3]

Adair argued that, based on his monthly bills and obligations, the garnishment would impose a financial hardship. Adair mentioned that there were certain credit card bills and medical bills that had not been submitted to the court or the government. Finally, Adair argued that his actual take home pay, on a biweekly basis, is only about $450, after taxes, insurance, and other deductions are taken into account.

---

[3]Adair asserted his claims by checking a box on a list of potential exemptions. The box he checked, No. 17, includes all three of the statutes addressed herein. (See ECF No. 18 at 2.) Therefore, it is not clear that Adair actually intended to assert all three exemptions. For the sake of completeness, this report and recommendation will address all arguments.

However, he did not bring his pay stub or any other evidence in support of this argument to the hearing. The United States responded that disposable income is defined as gross pay minus federal income tax, F.I.C.A. income tax, and any state or local income tax, but not any other withholdings.[4]

For the purposes of developing a complete record, the court instructed Adair to file any additional bills and pay stubs (redacting all personal identifying information) with the court by December 19, 2016. Adair did not file any additional documents by that deadline. On January 5, 2017, the court entered a Preliminary Order Permitting Parties to File Supplemental Briefs, which allowed the parties an opportunity to file additional briefs regarding the pending motion and allowed Adair a final opportunity to submit additional evidence by January 20, 2017. The government timely filed a supplemental brief in response. Adair did not file a supplemental brief and, to date, he has not submitted any additional evidence.

## II. PROPOSED CONCLUSIONS OF LAW

---

[4]The Federal Debt Collection Procedures Act defines "disposable earnings" as "that part of earnings remaining after all deductions required by law have been withheld." 28 U.S.C. § 3002. The definition for purposes of T.C.A. § 26-2-106 is essentially the same: "'Disposable earnings' means that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required by law to be withheld." T.C.A. § 26-2-102; see also 15 U.S.C. § 1672 (defining "disposable earnings" the same way for purposes of 15 U.S.C. § 1673, the analogous federal statute).

The only issue before the court is whether Adair has validly claimed an exemption to the writ of garnishment entered on November 4, 2016. "A judgment debtor that claims exemption from a writ of garnishment bears the burden of proving that [he] is entitled to the exemption." United States v. Connors, No. 4:02CR339, 2016 WL 1367786, at *2 (N.D. Ohio Mar. 16, 2016) (citing 28 U.S.C. § 3014(b)(2); United States v. Sawaf, 74 F.3d 119, 122 (6th Cir. 1996)), report and recommendation adopted, No. 4:02CR339, 2016 WL 1321513 (N.D. Ohio Apr. 5, 2016). Adair has not met his burden.

Adair has not disputed the calculation set forth by the United States that biweekly disposable earnings of $580 or more are subject to the maximum garnishment rate of 25%. Instead, based on his arguments at the hearing, he appears to assert two claims: that Coca-Cola's calculation of his disposable earnings is somehow inaccurate and that the court should exercise discretion to lower the percentage of the garnishment amount below 25% due to his alleged financial hardship. As to the first claim, even if the court were inclined to view the record in the light most favorable to Adair, at most the record only indicates that Adair's biweekly disposable earnings are based upon a single pay period and that his payment amounts will vary. (See ECF No. 17 at 2 (Answer of the Garnishee).) This alone is insufficient and, despite being given multiple opportunities to

present evidence to support this claim, Adair has not presented any evidence or otherwise demonstrated that his disposable earnings have been miscalculated or misrepresented.[5] Therefore, as to this first claim, the undersigned finds that Adair is not entitled to a statutory exemption pursuant to T.C.A. § 26-2-106.

As to Adair's second claim, there appears to be an open question as to whether the Federal Debt Collection Procedures Act ("FDCPA") provides for the exercise of discretion based on financial hardship. The FDCPA seems to authorize the government to enforce a maximum 25% garnishment, subject only to the CCPA's formulaic limitations. See 28 U.S.C. § 3205(a) (authorizing the court to issue a writ of garnishment against nonexempt disposable earnings); id. § 3002(9) (defining "nonexempt disposable earnings" as "25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act"). On the other hand, the FDCPA provides, "The court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter." 28 U.S.C. § 3013. Courts have reached different

---

[5]In particular, Adair has not provided any evidence that there are additional deductions or withholdings that should be properly subtracted from his gross income before determining his disposable earnings for purposes of T.C.A. § 26-2-106.

conclusions on this issue. Compare United States v. Dover, No. 4:02-50001, 2016 WL 806708, at *3 (E.D. Mich. Mar. 2, 2016) (citing United States v. Ogburn, 499 F. Supp. 2d 28, 30 (D.D.C. 2007)) ("The majority of the case law . . . holds that 25 percent is a ceiling, not a floor, for the amount to be garnished and that courts have authority [based on 18 U.S.C. § 3013] to impose an amount below 25 percent." (internal quotation marks omitted)) with United States v. Hanhardt, 353 F. Supp. 2d 957, 960-61 (N.D. Ill. 2004) ("[T]he court finds that there is no justification in the law for lowering the amount of this garnishment . . . . [T]he law does not allow the court to make a determination as to whether the financial circumstances of Hanhardt's wife take priority over his legal obligation to pay restitution.").

Here, the court need not decide whether any discretionary reduction would be valid or warranted, because the court finds that Adair has not met his burden of establishing that his individual circumstances would make a discretionary reduction appropriate in this case. See Dover, 2016 WL 806708, at *4 (in determining whether to modify a garnishment pursuant to 28 U.S.C. § 3013, courts "look to the circumstances of the individual garnishee"). Adair's financial statement indicates that a 25% reduction in disposable earnings would cause expenses to exceed income to a moderate degree. (See ECF No. 19-1 at 6

(financial statement of debtor, entered into evidence as Exhibit 2).) However, this alone is not sufficient for the court to order a reduction to the 25% garnishment amount. See United States v. Campbell, No. 16-51545, 2016 WL 7385727, at *3 (E.D. Mich. Dec. 21, 2016) (citing United States v. Mannarino, No. 1:08CR481, 2014 WL 2611831, at *3 (N.D. Ohio June 11, 2014); United States v. McGhee, No. 07-12176, 2007 WL 4326807, at *1 (E.D. Mich. Dec. 10, 2007)) ("Courts within the Sixth Circuit have ruled that financial difficulties are not a sufficient objection to a garnishment."); cf. Dover, 2016 WL 806708, at *4-5 (finding that a discretionary reduction in the amount of the garnishment of a prisoner-defendant's long term disability benefits was justified when that income was the sole means of support for the defendant's wife and children, one of whom had autism). Adair has not met his burden of proving that an additional portion of his nonexempt disposable earnings should be exempt from garnishment under T.C.A. § 26-2-106 or otherwise.

As a final matter, Adair concedes that he has no dependents and no alimony or support obligations. (See ECF No. 19-1.) Upon review of the statutes, the undersigned agrees with the United States that T.C.A. §§ 26-2-107 and 108 are inapplicable.

### III. RECOMMENDATION

For these reasons, it is recommended that Adair's claims of exemption be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 26, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**